IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TAMMY J. ABNER-TOWNSEND,<br><br>Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER REMANDING CASE<br><br><br><br>Case No. 1:06-CV-4 TS |

Plaintiff seeks judicial review of the determination of the Commissioner of Social Security denying her application for Social Security disability insurance benefits. The 42-year-old Plaintiff claims she is disabled by major depression, irritable bowel syndrome, gastric reflux, frequent urination, post-traumatic stress disorder, migraines, anxiety, agoraphobia, spondylosis, back problem, neck problems, history of gestational diabetes, blindness in one eye,[1] and Crohn's disease. At the hearing before the ALJ, the Plaintiff clarified that she relies primarily on Crohn's Disease and resulting diarrhea as the basis of her claim of disability.

---

[1] Plaintiff has been blind in one eye since very early childhood, but has 20-20 vision in the other eye.

The ALJ found that Plaintiff had a severe impairment that results in more than a minimal limitation in work function, but that none of her impairments, singly or in combination with any other impairment, met or equaled any impairment found in the listings.[2] The ALJ did not, however, specify which of the claimed physical impairments he was determining to be "severe."[3]

The ALJ specifically mentioned "Listing 5.00 ff describing digestive system impairments including weight loss due to a persistent gastrointestinal disorders, Listing 5.02 describing upper gastrointestinal disorders,"[4] plus other specific listings. The ALJ did not specifically mention or discuss Listing 5.07 for Regional Enteritis, which Plaintiff points out has been found to be synonymous with Crohn's disease.[5]

In addition to finding that Plaintiff did not meet any listed impairment, the ALJ found, at steps four and five, that Plaintiff could not perform her past work but retained the residual functional capacity to perform seated jobs with the limitations that she could be unexpectedly absent from the workplace due to medically determinable impairments up to 24 workdays per year, have ready access six times daily to a restroom (using lunch and rest breaks for three of those times), and needed to lie down one hour a day (using her lunch and rest breaks to lie down).

---

[2] Rec. at 22.

[3] The ALJ did specify which mental impairments he found to be severe. *Id.* at 21.

[4] *Id.*

[5] *Sales v. Apfel*, 188 F.3d 982, 985 (8th Cir. 1999) (holding that claimant's Crohn's disease qualified as listed impairment as regional enteritis, thus entitling claimant to benefits.)

In addition to physical impairments, the ALJ found moderate restrictions in areas such as maintaining concentration.[6]  The ALJ found that there were a significant number of jobs in the national economy that Plaintiff could perform, specifically call out operator, telephone quotation clerk, and paramutual ticket seller.

Plaintiff contends that the ALJ erred because he failed to:

(1)  Specifically identify which of Plaintiff's impairments were severe;[7]
(2)  Find Plaintiff's anxiety and agoraphobia, her apondlylosis and other orthopedic impairments to be severe impairments;
(3)  Consider the 5.07 listing for regional enteritis and failed to find that her Crohn's disease meets or equals listing 5.07;
(4)  Discuss the evidence relating to each listing that he found she did not meet and explain why she did not meet those listings;
(5)  Consider all of Plaintiff's severe impairments, especially pain, in determining her residual functional capacity (RFC);
(6)  Question the vocational expert adequately regarding how Plaintiff's RFC was affected by her need to lie down an hour a day, and take so many unscheduled bathroom breaks and, therefore, erred in finding that she could perform any kind of work; and
(7)  Consider the combined effect of her physical and mental impairments because on the totality of the record, she cannot work.

This Court's review of the ALJ's decision is limited to determining whether his findings are supported by substantial evidence and whether the correct legal standards were applied.[8]  If supported by substantial evidence, the findings are conclusive and must be affirmed.[9]  Substantial evidence means "such relevant evidence as a reasonable mind

---

[6] Rec. at 25.

[7] Rec. at 22 ("It is apparent that the claimant has a severe impairment that results in more than a minimal limitation in work like function.").

[8] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[9] *Richardson v. Perales*, 402 U.S. 389, 402 (1981).

might accept as adequate to support a conclusion."[10]   The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[11]

The Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[12]   However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the ALJ's.[13]

"While a claimant's credibility is generally an issue reserved to the ALJ, the issue is reviewable to ensure that the underlying factual findings are 'closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'"[14] The well-known five step sequential evaluation process to determine whether a claimant is disabled is as follows:

> At step one, the claimant must show that [she] is not presently engaged in substantial gainful activity; at step two that [she] has a medically severe impairment or combination of impairments; at step three that the impairment is equivalent to a listed impairment; and, at step four, that the impairment or combination of impairments prevents [her] from performing his past work. If the claimant successfully meets [her] burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity . . .  to perform work in the national economy, given [her] age, education, and work experience.[15]

---

[10]*Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

[11]*Id*.

[12]*Shepard v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[13]*Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

[14]*Swanson v. Barnhart,* 2006 WL 2147557, *1 (10th Cir. 2006) (quoting *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)).

[15]*Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (citations and quotations omitted).


A finding that a impairment meets a listing creates a presumption of disability.[16]

Having reviewed the entire record, the Court turns first to the ALJ's determination that Plaintiff's anxiety and agoraphobia, her apondlylosis, and other orthopedic impairments were not severe impairments. As to those issues, the Court finds that the ALJ applied the correct standards and the determinations are supported by substantial evidence.

However, the Court finds that the ALJ failed to make sufficient findings that Plaintiff's Crohn's disease did not meet Listing 5.07. In *Sales*, the Eighth Circuit noted that regional enteritis is a synonym for Crohn's disease. Listing 5.07 requires both regional enteritis, described in the *Sales*[17] case as subacute chronic enteritis or an "inflamation of the intestine" and the presence of a conditions set forth in one of the four subsections. Under subsection (a) of 5.07, regional enteritis qualifies as a listed impairment if it also presents "[p]ersistent or recurrent intestinal obstruction evidenced by abdominal pain, distention, nausea, and vomiting and accompanied by stenotic areas of [the] small bowel with proximal intestinal dilation."[18] Stenosis means stricturing of any canal, and a stricture is a narrowing.[19] Subsection (b) of 5.07 is "persistent or recurrent systemic manifestations such as arghiritis, iritis, fever . . . not attributable to other causes."

---

[16]*Blea v. Barnhart*, 466 F.3d 903, 915-16 (10th Cir. 2006).

[17]*Salas*, 188 F.3d at 984 n.3.

[18]*Id.*, at 984.

[19]*Id.*

Plaintiff had an obstruction/narrowing before her surgery to remove part of her bowel to remove that obstruction. The surgery was on March 29, 2003, after her alleged onset date of disability on March 13, 2002. There is no evidence of stenosis in her tests since her surgery. Her records since the surgery do show occasional fever and also show consistent complaints of abdominal pain.

There is conflicting evidence on whether Plaintiff has Crohn's disease. In 2004, tests at LDS hospital supported the Crohn's disease diagnosis,[20] while tests through the Fourth Street Clinic did not support that diagnosis.[21] Of course, it is possible that Plaintiff has Crohn's disease but may still not meet the Listing 5.07 criteria if she does not have stricturing, stenosis, or one of the other indicators listed in one the four subsections of 5.07.

Plaintiff relies on the *Sales* case for the proposition that because Crohn's disease is synonymous with regional enteritis, the evidence in her medical records, including the tests of the small bowel section removed in 2002, establish the Listing 5.07 criteria because she had an obstruction.

The Commissioner argues that the ALJ's failure to consider Listing 5.07 is not error for two reasons: First, Plaintiff waived the argument that Crohn's disease is an impairment at step three by arguing at the hearing regarding the step five analysis for Crohn's disease. Second, any error in failing to consider Listing 5.07 is harmless because the record fails to establish that Plaintiff's Crohn's disease meets Listing 5.07.

---

[20]Rec. at 509 (finding Crohn's disease but also finding "no stricture, stenosis").

[21]*Id.* at 522.

6

As to the waiver argument, it appears that while Plaintiff's counsel argued at the ALJ's hearing regarding step five,[22] he also argued,[23] and the ALJ understood,[24] that Plaintiff's Crohn's disease was her primary complaint.  Thus, Plaintiff did not waive the position that Crohn's disease met or equaled any listed impairment at the step-three stage.

Under the *Clifton*[25] case, where the ALJ does not identify the relevant listing or discuss the evidence that supports his step-three determination, the result is a "bare conclusion that is beyond meaningful judicial review" and must therefore, be reversed or remanded.[26]  In the *Fischer-Ross*[27] case, the Tenth Circuit held that "any deficiency in the ALJ's articulation of his reasoning to support his step three determination" was harmless because:

> the ALJ's confirmed findings at steps four and five of his analysis, coupled with indisputable aspects of the medical record, conclusively preclude

---

[22]*Id.* at 602.

[23]*Id.* at 600-01 opening statement ("Physically, what is probably the most troublesome is her Crohn's disease, as it has affected her bowels.").

[24]*Id.* at 19 ("at the hearing, the claimant testified that her most serious problem is her Crohn's disease or diarrhea; part of her colon had to be removed.").  Moreover, the ALJ considered other listings for digestive system impairments, and upper gastrointestinal disorders in connection with Crohn's disease.  Rec. at 22.

[25]*Clifton*, supra.

[26]*Id.*, 79 F.3d at 1009 (where ALJ failed to identify the relevant listing and did not discuss the evidence or his reasons for determining that appellant was not disabled under step three, case reversed and remanded for additional step-three proceedings).

[27]*Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005).

7

Claimant's qualification under the listings at step three. No reasonable factfinder could conclude otherwise.[28]

In an unpublished case, *Dye v. Barnhart*,[29] the Tenth Circuit held that the *Fischer-Ross* harmless error analysis did not apply because in *Dye*, unlike *Fischer-Ross*, there were no findings that conclusively negated the possibility that the claimant could meet the listed requirements.

In this case, the Commissioner argues that the ALJ rejected the evidence of Plaintiff's bowel blockage as meeting the Listing 5.07 criteria because it was corrected by surgery and, therefore, Plaintiff does not meet the specified medical criteria. However, as there were no findings made on Listing 5.07, the basis for the rejection of evidence of manifestations supporting the Listing, such as the surgically corrected blockage and fever, is "beyond meaningful judicial review" under *Clifton*.

In another unpublished case, *Baldwin v. Barnhart*,[30] the Tenth Circuit applied *Fischer-Ross*, to hold that the ALJ's failure to discuss the medical evidence in the record that supported his step-three finding that the claimant did not meet a listing's criteria was harmless error where the ALJ's determination was (1) supported by substantial medical evidence, and (2) specifically adopted medical opinions that support his step-three findings. In *Baldwin*, the Tenth Circuit held that it did not matter if the reference and discussion of the medical records adopted by the ALJ was outside the context of his step-three analysis.

---

[28] *Id.* at 735.

[29] *Id.*

[30] 167 Fed. Appx. 49 (10th Cir. 2006).

8

However, one important fact distinguishing *Baldwin* from the present case is that the ALJ in *Baldwin*, unlike this case, did identify the specific Listing at issue and did make a specific finding that the claimant did not meet that Listing.

In this case, as in *Baldwin*, the ALJ, outside of the context of his step-three analysis analyzed and adopted the medical opinions of the nonexamining expert sources.[31] That adoption is troubling because the first nonexamining doctor, Dr. Weiss, recites that Plaintiff recovered from her bowel surgery "without complications,"[32] but it is undisputed that she did have complications in the form of an infection of the surgical wound.[33] As noted above, in adopting the nonexamining doctor's findings, the ALJ in the present case did not identify Listing 5.07 or make a specific finding that Plaintiff did not meet that Listing. Therefore, there is no explanation for why evidence supporting the Listing was rejected in favor of the nonexamining doctors' opinions.

The Court finds that remand for step-three analysis is required. Like the *Clifton* case, the failure to conduct a full step-three analysis is not harmless error in this case because there is some conflicting evidence from which it could be determined that Plaintiff meets Listing 5.07. Thus, this case is more like *Clifton* and *Dye* than *Fischer-Ross* or *Baldwin*. Further, the ALJ's determination that there is no step-three disability is apparently

---

[31] Rec. at 23 (adopting opinions of non-reviewing experts Dr. Weis (6/23/03), Rec. at 353, and Dr. Koons, (12/24/02), Rec. at 499).

[32] Rec. at 353.

[33] See Gov's Br. at 7 (including the surgical complications in its statement of fact) and Rec. at 314-25 (medical records of infection).

9

based on the interpretation of Listing 5.07 that requires the existence of a current blockage or stenosis. Plaintiff strongly disagrees with that position.[34] The ALJ's position on that issue is not subject to judicial review because it is not expressly stated by either the ALJ or the consulting non-examining doctors whose conclusions the ALJ adopted.

Having considered all of the parties' arguments and reviewed the entire record, the Court finds that, as in the *Clifton* case, the ALJ's determination that Plaintiff failed to meet any of the listings was too conclusory where Plaintiff points to evidence that she meets a specific listing. The ALJ's determination fails to identify the relevant Listing (Listing 5.07) and also fails to set out the ALJ's specific findings and discuss his reasons for accepting or rejecting Plaintiff's evidence that her Crohn's disease meets or is equal to the listing.

This case is reversed and remanded for the ALJ to set out his specific findings and his reasons for accepting or rejecting evidence at step three. Because the Court is remanding for further proceedings at step three, the Court need not address Plaintiff's arguments regarding the ALJ's findings regarding Plaintiff's RFC.[35] It is therefore

---

[34] Pl.'s Reply Br. at 3.

[35] *Blea,* 466 F.3d at 911 (noting that ALJ's determination at step three of the five-step inquiry may obviate any need to examine residual functional capacity at step five).

ORDERED that the determination of the Commissioner is REVERSED and REMANDED under sentence four of 42 U.S.C. §405(g) for the ALJ set out findings and reasons for accepting or rejecting evidence at step three with respect to Listing 5.07.

DATED December 29, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

ORDERED that the determination of the Commissioner is REVERSED and REMANDED under sentence four of 42 U.S.C. §405(g) for the ALJ set out findings and reasons for accepting or rejecting evidence at step three with respect to Listing 5.07.

DATED December 29, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge